UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SALLIE ALEFSEN,

        Plaintiff,

v.                                                                    Case No. 18-cv-1979-pp

WELLS FARGO CLEARING SERVICES LLC,

        Defendant.

**ORDER GRANTING DEFENDANT'S MOTION TO STRIKE (DKT. NO. 19) AND DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (DKT. NO 18)**

On August 19, 2019, the plaintiff filed a motion for summary judgment. Dkt. No. 18. Soon after, the defendant filed a Civil Local Rule 7(h) expedited non-dispositive motion to strike the summary judgment motion. Dkt. No. 19. The plaintiff has not responded, although Civil L.R. 7(h)(2) provides for the non-moving party to respond within seven days. The defendant asked the court to strike the summary judgment motion based on the plaintiff's failure to comply with Fed. R. Civ. P. 56 and Civil L.R. 7 and 56; in the alternative, the defendant asks that under Rule 56(d), the court extend the deadline for the defendant to respond to the plaintiff's motion until three weeks after the November 29, 2019 discovery deadline. Id. at 1.

The defendant is correct that the plaintiff's motion does not comply with the federal or local rule governing motions for summary judgment. The motion consists of a single page indicating that the plaintiff "will move the Court" for

1

summary judgment based on two affidavits—the plaintiff's and her lawyer's. Dkt. No. 18. The motion does not identify each claim or defense on which plaintiff seeks summary judgment as required by Fed. R. Civ. P. 56(a). It does not explain or show that there are no genuine disputes regarding material facts, and contains no citations to the record. Fed. R. Civ. P. 56(a), 56(c)(1). It was not accompanied by a supporting memorandum or brief. Civil L.R. 7(a)(1). The plaintiff did not file a memorandum of law, findings of fact or a properly formatted statement of proposed material facts. Civil L.R. 56(b)(1). In short, the plaintiff's motion does not comply with the rules in any respect.

This is a relatively complex case. It was removed from state court in December 2018. The complaint alleges that the plaintiff's mother bought U.S. Treasury Bonds from Norwest Investment Services; those bonds were bequeathed to the plaintiff in her mother's will. Dkt. No. 1-1 at 5. The complaint says that at some point, Wells Fargo bought Norwest Bank. The plaintiff says that when the bonds matured, she demanded payment on them, but that Wells Fargo never responded. Id. The complaint charges Wells Fargo with breach of fiduciary duty, civil theft and conversion, and demands compensatory, actual, incidental, exemplary and punitive damages. Id. at 8.

The plaintiff appears to believe that in order to obtain judgment in her favor, she need only provide an affidavit reasserting these facts, along with her lawyer's affidavit that he demanded payment on the plaintiff's behalf but did not receive it. The plaintiff is wrong. If she believes that there are no genuine disputes as to issues of material fact, and that she is entitled to judgment as a

matter of law, she must file a proper summary judgment motion, with a brief and proposed findings of fact and supporting evidence, following Fed. R. Civ. P. 56 and Civil L.R. 56.

The court **GRANTS** the defendant's Civil Local Rule 7(h) Expedited Non-Dispositive Motion to strike the plaintiff's motion for summary judgment. Dkt. No. 19.

The court **DENIES** without prejudice the plaintiff's motion for summary judgment. Dkt. No. 18.

Dated in Milwaukee, Wisconsin this 12th day of September, 2019.

                              **BY THE COURT:**

                              _____

                              **HON. PAMELA PEPPER**
                              **United States District Judge**